UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------X
SHANNON WILKINS,

                Plaintiff,                       **COMPLAINT AND JURY DEMAND**

    -against-

THE CITY OF NEW YORK, Police Officer DELARE RATHOUR, Shield No. 5293, and Police Officers JOHN DOE No.1 through 10 in their individual and official capacities as employees of the City of New York,

                Defendants.
---------------------------------------------X

The Plaintiff, SHANNON WILKINS, by his attorney, The Rameau Law Firm, allege the following, upon information and belief for this Complaint:

## INTRODUCTION

1. This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, Article I Sections 6, 11, and 12 of the Constitution of the State of New York, and the common law of the State of New York, against the police officers mentioned above in their individual capacities, and against the City of New York.

2. It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating their rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered Plaintiff. It is further alleged

that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

4. Plaintiff filed a Notice of Claim on or about July 29, 2019.

5. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

6. This action has been commenced within one year and ninety days after the happening of events upon which the claims are based.

## JURISDICTION

7. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. Plaintiff also assert jurisdiction over the City of New York under 28 U.S.C. §§ 1331 and 1367. Plaintiff requests that this Court exercise pendent jurisdiction over any state law claims arising out of the same common nucleus of operative facts as plaintiff's federal claims.

## VENUE

8. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## **PARTIES**

9. Plaintiff SHANNON WILKINS is a resident of the Kings County in the City and State of New York and of proper age to commence this lawsuit.

10. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

11. Defendant Police Officer DELARE RATHOUR, Shield No. 5293, at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant RATHOUR is sued in his individual and official capacities.

12. Defendant RATHOUR at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

13. At all times relevant defendants John Doe One and Ten were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John Doe One and Ten.

14. At all times relevant times herein, defendants John Doe One and Ten were acting as agents, servants and employees of defendant City of New

York and the NYPD. Defendants John Doe One and Ten are sued in their individual and official capacities.

15. At all times relevant herein, defendants John Doe One and Ten either directly participated or failed to intervene in the violation of plaintiff's rights.

16. At all times relevant herein, all individual defendants were acting under color of state law.

17. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

18. The City was at all material times the public employer of defendant officers named herein.

19. The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

## **FACTUAL ALLEGATIONS**

20. Plaintiff is an adult male.

21. On or about April 30, 2019, while visiting a friend at 1625 Rockaway Boulevard in Brooklyn, NY, defendant officers forced their way into the residence by breaking down the door, with their guns drawn.

22. Plaintiff and others at the location were thrown to the ground by defendants without reason.

23. Defendant officers cuffed plaintiff, even though Plaintiff made it clear he was merely visiting, and transported him to the precinct.

24. At the precinct, the officers falsely informed employees of the Kings County District Attorney's Office that they had observed the plaintiff committing various crimes. At no point did the plaintiff commit any crimes.

25. Ultimately, plaintiff was taken from the police precinct to Kings County Central Booking.

26. All charges against Plaintiff were false and dismissed months later on July 8, 2019.

27. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence, support and the authority of their office to each other.

28. All of the above was done in violation of state and federal law.

29. The conduct of the defendant officers in falsely arresting Plaintiff and assaulting the Plaintiff directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

30. As a direct and proximate result of the said acts of the defendant officers, the Plaintiff suffered the following injuries and damages:

**FIRST CLAIM**
**False Arrest**

31. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

32. Defendants violated the Fourth and Fourteenth Amendments because they arrested Plaintiff without probable cause.

33. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SECOND CLAIM**
**Denial Of Constitutional Right To Fair Trial**

34. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

35. The individual defendants created false evidence against Plaintiff.

36. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

37. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

38. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## Malicious Prosecution

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. By their conduct, as described herein, and acting under color of state law, defendants are liable to plaintiff SHANNON WILKINS under 42 U.S.C. § 1983 for the violation of the constitutional right to be free from malicious prosecution under the Fourth and Fourteenth Amendments to the United States Constitution.

41. Defendants' unlawful actions were done willfully, knowingly, with malice and with the specific intent to deprive plaintiff of his constitutional rights. The prosecution by defendants of plaintiff constituted malicious prosecution in that there was no basis for the plaintiff's arrest, yet defendants continued with the prosecution, which was resolved in plaintiff's favor.

42. As a direct and proximate result of defendants' unlawful actions, plaintiff has suffered, and will continue to suffer, damages, including physical, mental and emotional injury and pain, mental anguish, suffering, humiliation, embarrassment and loss of reputation.

## FOURTH CLAIM
## Failure To Intervene

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

45. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

46. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Unreasonable Force

47. Plaintiff repeats and alleges each and every allegation as if fully set forth herein.

48. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

49. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Monell

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by Plaintiff.

52. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the

intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

53. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

54. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

55. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

56. These policies, practices, and customs were the moving force behind Plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the Plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED: April 21, 2022

Brooklyn, New York

_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 887-5536
amywmrameau@hotmail.com

*Attorney for Plaintiff*

TO: All Defendants
Corporation Counsel of the City of New York